ANNA WEISBAUM, as Guardian ad Litem of BERNARD KASTENBAUM, an Infant, Respondent, v. LYNN KASTENBAUM, Appellant.

*Per Curiam.* The defendant appeals (1) from an order denying her application to open her default and restore the case to the calendar for trial and (2) from an order granting the plaintiff's application to terminate a receivership in a sequestration proceeding and directing the receiver to forthwith account.

This action for annulment was commenced in September, 1950. The defendant answered denying the allegations of the complaint and asserting a counterclaim for separation. On January 12, 1951, an order was made fixing counsel fees in the sum of $600 and temporary alimony of $50 per week. On March 5, 1951, the plaintiff was found guilty of contempt in failing to make the payments and was fined $700 — the amount of the arrearages.

Thereafter the plaintiff commenced a series of moves to avoid complying with the order awarding temporary alimony and counsel fees. On April 6, 1951, an order was made denying plaintiff's motion to be relieved from the orders directing payment of alimony and holding him in contempt for his failure to do so. The application was renewed and denied by another Justice in August, 1951. It was renewed a third time in October, 1951, before a third Justice, who referred the issue of the plaintiff's ability to comply with the order. In January, 1952, the Referee after extended hearings found and reported that the plaintiff had been and then was financially able to comply with the orders. In April, 1952, the report of the Referee was in substance disapproved and payments under the order were suspended. It appeared in that proceeding that the defendant in June, 1951, had been committed to Pilgrim State Hospital where she continues to be confined. The order further provided that the plaintiff was to deposit with the State hospital $25 per month as a luxury fund for her benefit.

Upon appeal we reversed the latter order (*Weisbaum* v. *Kastenbaum*, 283 App. Div. 713) and said, among other things, that " The record does not warrant granting plaintiff any relief from the orders of the court which he has flagrantly disobeyed. * * * If there should be any modification of the order on account of any change in defendant's circumstances it should be upon notice to the Attorney-General of the State of New York and should now take the form of plaintiff making adequate payment to the State hospital."

In the meantime and in August, 1951, an order had been made appointing a receiver in a sequestration proceeding. The infant plaintiff was a successful writer of songs and during the period from August, 1951, to July, 1953, there had accumulated with the American Society of Composers, Authors and Publishers, royalties in the sum of $5,194.27. Upon the application of the plaintiff this sum was paid to the receiver. The latter has paid therefrom to the attorneys

for the defendant and receiver the sum of $1,200 plus disbursements and to the former attorney for the plaintiff the sum of $1,500. None of the fund has been paid to the defendant to comply with the order made in January, 1951. It further appears that on October 6, 1952, the case was marked off the calendar and the complaint and counterclaim were deemed dismissed on October 5, 1953, pursuant to rule 302 of the Rules of Civil Practice.

In the light of the foregoing facts we conclude that the application made on behalf of the defendant to open her default should have been granted. The defendant has been a patient in a State hospital for more than three years. There is nothing in the record to show the present mental condition of the defendant. It does not appear whether she has been adjudged an incompetent or whether a committee has been appointed. The motion should not have been denied without further exploration of the facts. This is particularly true where the infant plaintiff, who is now twenty-four years old, for more than three years has flagrantly violated the order of this court directing that he pay temporary alimony.

The sum of approximately $5,200 paid to the receiver has been reduced by approximately $3,000 by payments to the former attorney for the plaintiff, to defendant's attorneys and the attorneys for the receiver. The defendant has received nothing. We are in agreement with the lower court that the receiver should account, but disagree with the conclusion that the receivership should be terminated.

The order denying defendant's application to open her default and restore the cause to the Special Term Part III calendar should be reversed and the motion granted, with $20 costs and disbursements to the appellant. The order granting plaintiff's motion to terminate the receivership and to direct the receiver to account should be modified by striking therefrom the provision terminating the receivership and as so modified affirmed, with $20 costs and disbursements to the appellant. It appears to us necessary for the proper protection of the rights and interests of the defendant to name a special guardian to appear for her in the proceeding to judicially settle the accounts of the receiver (Civ. Prac. Act, § 207). Provision therefor shall be made in the order to be settled upon notice.

Cohn, J. P., Callahan, Breitel, Bastow and Botein, JJ., concur.

Order denying defendant's motion to open her default and restore the cause to the Special Term Part III calendar unanimously reversed and the motion granted, with $20 costs and disbursements to the appellant. The order granting plaintiff's motion to terminate the receivership and to direct the receiver to account unanimously modified by striking therefrom the provision terminating the receivership and, as so modified, affirmed, with $20 costs and disbursements to the appellant. Settle order on notice.